In the Matter of the Compensation of
Bettie R. Baxter, Claimant.

Bettie R. BAXTER,
*Petitioner,*

*v.*

MJB INVESTORS
and SAIF Corporation,
*Respondents.*

(WCB 90-19239, 90-19240; CA A70737)

841 P2d 702

Martha C. Evans, Eugene, argued the cause for petitioner. With her on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the

brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that dismissed her request for Board review of the referee's decision because it was untimely. We affirm.

Claimant filed a petition for review of SAIF's denial of her claim. The referee upheld the denial. Claimant filed a "Petition for Judicial Review of Workers' Compensation Board" in the Court of Appeals on April 29, 1991. We dismissed the petition, because the Court of Appeals does not have jurisdiction to review a decision of the referee on a claim. Claimant then filed a request for review with the Board on June 7, 1991. SAIF moved to dismiss the request, because it was untimely. The motion was served on claimant's counsel on June 21, 1991, and the Board allowed the motion on June 28, 1991.

■ Claimant first argues that the Board allowed SAIF's motion to dismiss without giving her an opportunity to respond, as required by OAR 438-11-025 and OAR 438-06-045. The first rule provides essentially that filing a motion tolls the time for the next event in the process; the second relates to motions filed before the referee and provides that 10 days shall be allowed for written response. Claimant argues that the two rules, when read together, allowed her 10 days to file a written response. Because SAIF's motion was allowed 7 days after it was filed, she says that the rules were violated.

The rules, by their terms, relate to proceedings before the referee. It is doubtful that they control comparable procedures before the Board. Claimant does not cite any rules of the Board but argues that there is an inference from the text of the rules that the Board will allow 10 days for a written response to a motion. From that premise, she summarily concludes that the due process of law mandates that time for response. The Board did not violate the rules.

She also argues that due process requires an opportunity to respond and present legal arguments before the motion is denied. She does not identify, other than by using the term "due process," the source of her contention. We need not decide if there was a constitutional infirmity in the proceedings, if that is the sense of her contention, because

claimant did submit materials relating to SAIF's motion. She incorporated an affidavit of her attorney with the petition for review. The affidavit set forth the reasons that the petition was late and included the legal basis that she offered for accepting the untimely petition. Claimant has not established her contention that she was denied "due process."

■ Claimant argues, alternatively, that the petition for review filed with the Court of Appeals satisfied the statutory requirements to invoke the jurisdiction of the Board. She says that a copy of the petition to this court was mailed to SAIF and to the Board and that that is sufficient. That petition, however, was addressed by caption and by content to the Court of Appeals and sought review of a non-existent order of the Board. A copy was mailed by regular mail to the Board. We decline to hold, as claimant suggests, that as a matter of law the Board acquired jurisdiction of the case by receiving a copy of the petition filed in this court.

The Board held that the request for review filed with it by claimant on June 7, 1991, was untimely and claimant does not dispute that holding. There was no other request for review properly filed, and the Board did not have jurisdiction.

Affirmed.